UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROULA BAROUDI, M.D.,                        Case No. _____
    Plaintiff,
v.

ERIC K. SHINSEKI, Secretary of
DEPARTMENT OF VETERAN AFFAIRS,
    Defendant.
_____/

## COMPLAINT - JURY TRIAL DEMANDED

The plaintiff, ROULA BAROUDI, M.D., sues Defendant, ERIC K. SHINSEKI, Secretary of DEPARTMENT OF VETERAN AFFAIRS, and alleges as follows:

### JURISDICTION AND VENUE

1.    Plaintiff invokes the jurisdiction of this Court pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e, et seq., as amended, and 28 U.S.C. §§ 1331 and 1337. The matter in controversy arises under an act of Congress regulating commerce and relating to discrimination based on national origin, religion and gender and further, based upon reprisal for opposing practices made unlawful by the above-identified laws and for participating in proceedings designed to redress discrimination.

2.    Plaintiff is a female citizen of the United States and the state of Florida. She is of Syrian national origin and the Muslim faith. She resides within the Middle District of Florida, where the alleged acts of discrimination and retaliation took place.

3. Defendant is the Secretary of the Department of Veterans Affairs and is being sued in that capacity.

4. At all times material to this Complaint, Plaintiff was an employee as that term is defined within Title VII.

5. At all times material to this Complaint, Defendant was an employer as that term is defined within Title VII.

6. All conditions precedent to the filing of this Complaint have occurred. Plaintiff filed formal charges with the Agency and more than 180 days have passed prior to the filing of the instant action.

## FACTS PERTINENT TO ALL CLAIMS

7. Plaintiff, is a physician in the Infections Diseases specialty within the VA and is employed at the Bay Pines facility in Pinellas County, Florida.

8. Plaintiff is and has been employed by the Defendant as a physician since approximately July 1996.

9. Plaintiff consistently received performance evaluations labeled by the defendant as "Proficiency Reports" which were "Outstanding" in her overall performance.

10. On or about December 1, 2009, for the proficiency rating just prior to an anticipated step increase (increase in pay) anticipated to occur in August 2010, Plaintiff received a lower Proficiency Report even though her performance had not changed.

11. Plaintiff anticipated two-step increase but instead received a one-step increase as a result of the lower Proficiency Report.

12. Plaintiff filed a charge of discrimination with the Agency in or about January 2010 and has been suffering one form or another of retaliation on a regular basis since that time.

13. The retaliation suffered by Plaintiff includes, but is not limited to:

a) harassing and intimidating communications by the Chief of the Section in which Plaintiff was employed;

b) discriminatory statements relating to Plaintiff's religion and ancestry;

c) false accusations targeting Plaintiff in the performance of her job in order to further intimidate her and to deter other employees from either lending Plaintiff assistance or exercising their federal rights at the work place;

d) submitting another false and unjust Proficiency Report to Plaintiff which does not accurately reflect her true performance at the VA;

e) creating obstacles and inhibiting Plaintiff's growth within the VA by, among other things, reducing or eliminating important aspects of Plaintiff's job such as clinical duties.

14. Plaintiff suffered severely from the harassment, intimidation and retaliation which caused and continues to cause mental anguish and the deterioration of Plaintiff's physical health. By way of illustration only, in or about June 2010, Plaintiff was taken by ambulance from her office with severe GI symptoms for which she was admitted to the hospital as a direct result of the stress caused by the retaliatory and discriminatory conduct of Defendant.

15.     Plaintiff returned to Syria to visit her family in July 2010, but even in her absence the discriminatory conduct continued.  On her return, Plaintiff found that her office had been searched and that many important papers had been confiscated.

16.     Plaintiff was given weak excuses for the searching of her office and made to feel like a criminal at work and so she filed a new claim with the Agency relating to continued discrimination, retaliation and harassment in or about December 2010.

17.     Defendant's actions were done with malice or reckless indifference to Plaintiff's rights, and have caused Plaintiff to suffer harm, including, but not limited to lost wages and benefits, mental anguish, damage to Plaintiff's professional reputation, humiliation, degradation, embarrassment, permanent effects on her health, and severe emotional suffering.

**FIRST CLAIM FOR RELIEF – RETALIATION UNDER TITLE VII**

18.     Plaintiff re-alleges paragraphs 1 through 17 above, and incorporates them in this claim as if fully set forth herein.

19.     Similarly situated employees who had not engaged in protected activity were treated more favorably than Plaintiff.

20.     Defendant's actions constitute reprisal in violation of 42 U.S.C. §2000e-3(a).

WHEREFORE, the Plaintiff prays that this Court:

a)      take jurisdiction over this matter;

b)     award the Plaintiff the amount of all back wages, the value of all benefits, and other compensation to which she is entitled;

c)     grant injunctive relief awarding the Plaintiff the increases in pay and status she would have received absent the discrimination and retaliation;

d)     grant compensatory damages in favor of the Plaintiff and against the Defendant for Defendant's willful violation of the Act;

e)     award to the Plaintiff the costs of this action, together with a reasonable attorney's fees; and

f)     grant such other and further relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF – DISCRIMINATION UNDER TITLE VII

21. Plaintiff re-alleges paragraphs 1 through 17 above, and incorporates them in this claim as if fully set forth herein.

22. Defendant's actions toward Plaintiff were based on animus toward Plaintiff based upon her national origin, religion, and/or gender.

23. Similarly situated employees outside of Plaintiff's protected classes were treated more favorably.

24. Defendants actions constitute discrimination in violation of 42 U.S.C. §2000e-3(a).

WHEREFORE, the Plaintiff prays that this Court:

a)     take jurisdiction over this matter;

b)     award the Plaintiff the amount of all back wages, the value of all benefits, and other compensation to which she is entitled;

c) grant injunctive relief awarding the Plaintiff the increases in pay and status she would have received absent the discrimination and retaliation;

d) grant compensatory damages in favor of the Plaintiff and against the Defendant for Defendant's willful violation of the Act;

e) award to the Plaintiff the costs of this action, together with a reasonable attorney's fees; and

f) grant such other and further relief as the Court deems just and proper.

### JURY TRIAL DEMANDED

Plaintiff demands trial by jury.

> Respectfully submitted,
> LEWIS BRISBOIS BISGAARD & SMITH LLP
>
>
> **s/J. Robert McCormack**
> By:  J. Robert McCormack
> Florida Bar Number 864791
> 3812 Coconut Palm Drive, Suite 200
> Tampa, Florida 33619-1352
> Phone:  813-739-1900; Fax:  813-739-1919
> bmccormack@lbbslaw.com
> Attorneys for Plaintiff